**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| LGD PROPERTIES INC., § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 4:14-cv-4 |
| § | |
| SEIS LAGOS UTILITY DISTRICT, § | |
| SEIS LAGOS COMMUNITY SERVICES § | |
| ASSOCIATION, ROLANDO RAMON, and § | |
| LISA JONES, § | |
| *Defendants.* § | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT IN PART AND REMANDING TO STATE COURT**

Pending before the Court is (1) Plaintiff's Motion to Strike (Dkt. 63) and Defendants' Response (Dkt. 66); (2) Defendants' Second Motion to Dismiss (Dkt. 64), Plaintiffs' Response (Dkt. 67), Defendants' Reply (Dkt. 69), and Plaintiffs' Sur-Reply (Dkt.70); (3) Plaintiffs' Motion for Partial Summary Judgment (Dkt.73), Defendants' Response (Dkt. 81), and Plaintiffs' Reply (Dkt. 87); (4) Defendants Lisa Jones's and Seis Lagos Community Service Association, Inc.'s Motion for Summary Judgment (Dkt. 76), Plaintiffs' Response (Dkt. 82), Defendants' Reply (Dkt. 92), and Plaintiffs' Sur-Reply (Dkt. 98); (4) Defendants Rolando Ramon's and Seis Lagos Utility District's Motion for Summary Judgment (Dkt. 77), Plaintiffs' Response (Dkts. 83, 84), Defendants' Reply (Dkts. 90, 91), and Plaintiffs' Sur-Reply (Dkt. 97, 99); and (5) Defendants' Motion to Strike Plaintiff's Evidence in Support of Response to Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. 93), Plaintiffs' Response (Dkt. 96), and Defendants' Reply (Dkt. 104); and (6) Defendant Rolando Ramon's Motion for Court to Rule on Qualified Immunity (Dkt. 130).

For the reasons set forth herein, Plaintiff's Motion to Strike (Dkt. 63) **DENIED WITHOUT PREJUDICE**; Defendants' Second Motion to Dismiss (Dkt. 64) is **DENIED**

**WITHOUT PREJUDICE**; Plaintiffs' Motion for Partial Summary Judgment (Dkt.73) is **DENIED WITHOUT PREJUDICE**; Defendants Lisa Jones's and Seis Lagos Community Service Association, Inc.'s Motion for Summary Judgment (Dkt. 76) is **DENIED WITHOUT PREJUDICE**; Defendants Rolando Ramon's and Seis Lagos Utility District's Motion for Summary Judgment (Dkt. 77) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**; Defendants' Motion to Strike Plaintiff's Evidence in Support of Response to Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. 93) is **DENIED WITHOUT PREJUDICE**; and Defendant Rolando Ramon's Motion for Court to Rule on Qualified Immunity (Dkt. 130) is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff, LGD Properties Inc. is a residential home builder in Texas. LGD constructs homes in Lucas, Texas, which is served by the Seis Lagos Utility District (SLUD), a conservation, utility, and reclamation district operating under Texas law, and the Seis Lagos Community Services Association (SLCSA), a homeowner's association. Defendant Lisa Jones is a board member of the SLCSA and the association's Architectural Control Committee (ACC), which approves plans for new homes before permits are issued by SLUD. Defendant Rolando Ramon is the president of SLUD.

LGD constructed a home at 104 Trinidad. SLUD determined that a culvert at the home did not comply with applicable SLUD regulations. LGD believed the culvert to be in compliance. SLUD notified LGD of the problem. To resolve the issue, Ramon and LGD agreed that LGD would pay $1,500 to SLUD. If LGD did not correct the culvert within 30 days, the $1,500 would be applied to SLUD's costs for making repairs. LGD did not make any repairs to the culvert, but did provide an engineer's report to SLUD to support its contention that the

culvert was compliant with SLUD regulations. SLUD kept the $1,500 and eventually did make repairs to the culvert.

Meanwhile, however, Ramon asked the ACC to withhold approval of other plans submitted by LGD until the dispute over the culvert at 104 Trinidad was resolved. LGD submitted plans for 502 Seis Lagos Trail and 300 Barranca to the ACC for approval. The ACC acquiesced to Ramon's request and conditionally approved LGD's plans on resolution of the SLUD dispute. Approval for the 300 Barranca plans was also contingent upon submission of brick and stone samples. Because of the delays, the owner of 300 Barranca, Alex Cortesano, terminated his contract with LGD to construct the home and submitted the same plans for approval without LGD as the builder, and approval was granted. SLUD also notified LGD that it was assessing several fees and/or fines against it for various violations of SLUD rules, including commencing construction without a permit at 300 Barranca and 502 Seis Lagos. Ultimately, all the necessary approvals and permits were issued and no fines have been collected.

This case has a long procedural history in the state court. It was removed to this Court under federal question jurisdiction after Plaintiffs added federal claims to its third amended petition in state court. In its Second Amended Complaint and Application for Injunctive Relief (Dkt. 51), Plaintiff states claims for violations of the Equal Protection Clause, Due Process Clause, and Takings Clause of the Fifth Amendment, and claims under 42 U.S.C. § 1983. No other basis for jurisdiction exists. This order addresses Plaintiff's federal claims only.

## II. LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any *material* fact and the movant is entitled to judgment as a matter of law."[1] Substantive

---

[1] FED. R. CIV. P. 56(a) (emphasis added).

law identifies material facts.[2] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[4] Therefore, in deciding whether to grant a motion for summary judgment, the court must consider if "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[5] The court must construe all facts and inferences in the light most favorable to the nonmoving party.[6] When the nonmovant bears the burden of proof, the movant may meet its burden by showing that there is no admissible evidence to support the nonmovant's claim.[7] Once the movant has met this burden, the burden shifts to the nonmovant to offer evidence to show there is a genuine dispute as to a material fact with respect to the claims raised. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and "may not rest upon the mere allegations or denials of his pleading."[8] "Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden."[9] The nonmovant must look beyond the pleadings and designate specific evidence in the record to show that there is a genuine issue for

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Id.*
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[5] *Liberty Lobby*, 477 U.S. at 250.
[6] *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000).
[7] *Celotex*, 477 U.S. at 325; *Payne v. Sw. Bell Tel., L.P.*, 562 F. Supp. 2d 780, 783 (E.D. Tex. 2005).
[8] *Celotex*, 477 U.S. at 322 n. 3; *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").
[9] *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal quotation marks omitted).

trial.[10] The citations must be specific because the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.[11]

### III. ANALYSIS

#### a. Violation of the Takings Clause of the Fifth Amendment

Plaintiff alleges that Defendants' actions constituted a taking by "damaging and/or destruction of a vested contract of LGD, which LGD had secured for construction of improvements at 300 Barranca without providing just compensation in violation of the Fifth Amendment of the US Constitution." Dkt. 51 ¶ 4.22. The contract for construction of improvements at 300 Barranca was between LGD and Alex Cortesano.

The Takings Clause of the Fifth Amendment prohibits private property from being taken for public use, without just compensation.[12] "In the absence of a physical invasion of property, a taking requires a regulation that denies all economically viable use of the property or unreasonably interferes with a landowner's right to use and enjoy their property."[13] Plaintiff contends, in its summary judgment response, but not in its complaint,[14] that SLUD's "instruction" that the SLCSA ACC deny approval of LGD's plans constituted an exaction. "[A]n exaction occurs if a governmental entity requires an action by a landowner as a condition to obtaining governmental approval of a requested land development."[15]

---

[10] *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996).
[11] E. D. TEX. CIV. R. CV-56(c).
[12] U.S. CONST. amend. V.
[13] *Mont Belvieu Square, Ltd. v. City of Mont Belvieu*, 27 F. Supp. 2d 935, 942 (S.D. Tex. 1998).
[14] *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 698-99 (2009) (requiring a complaint to give fair notice of what the claim is and the grounds upon which it rests).
[15] *City of Carrollton v. RIHR Inc.*, 308 S.W.3d 444, 449 (Tex. App.—Dallas 2010, pet. denied). The Court does not address whether Plaintiff has standing to assert a taking claim related to the

Here, the evidence shows that it was the SLCSA ACC's decision to deny plan applications for 300 Barranca before a permit application to SLUD was even requested. SLCSA is not a government entity. Moreover, Plaintiff states that "[t]he ACC informed LGD that plans for 300 Barranca were not being approved *due to lack of brick and stone samples and* because SLUD requested that LGD plans be denied." Dkt. 83 ¶ 4.16 (emphasis added). Further, it was Alex Cortesano that chose to terminate his contract with Plaintiff. Defendants did not "damage" or "destroy" the contract. There is no evidence that Defendants deprived Plaintiff of its interest in the contract for 300 Barranca.[16] Indeed, SLUD did not benefit in any way from Cortesano's cancellation of the contract. Defendants also point out that (1) DeBerry obtained financing for 300 Barranca after Cortesano terminated the contract, (2) assisted in the construction of 300 Barranca, and (3) displayed a "DeBerry Custom Homes" sign at 300 Barranca, so that it is unclear whether LGD actually lost any benefit under the contract. Dkt. 77 at n.3.

Additionally, "[t]here are two independent prudential hurdles to a regulatory takings claim brought against a state entity in federal court."[17] The plaintiff "must demonstrate that [it] has both received a final decision regarding the application of the challenged regulations to the property at issue from the government entity charged with implementing the regulations and sought compensation through the procedures the State has provided for doing so."[18] SLUD did not deny any LGD permit applications for 300 Barranca because Cortesano terminated the contract before any were made and before approval was granted by the ACC.

---

denial of permits because Plaintiff is not the landowner because Plaintiff has not established that any taking exists.

[16] *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1005 (1984) ("Governmental action short of acquisition of title or occupancy of land has been held, if its effects are so complete as to deprive the owner of all or most of his interest in the subject matter, to amount to a taking.").

[17] *Suitum v. Tahoe Regional Planning Agency*, 520 U.S. 725, 733-34 (1997).

[18] *Id.* at 734 (internal quotation marks and citations omitted).

Accordingly, Defendants' motion for summary judgment with regard to Plaintiff's claim under the Takings Clause of the United States Constitution is **GRANTED**.

### b. Violation of Due Process Clause of the Fifth Amendment

Plaintiff contends that its right to due process was violated when its applications for permits to SLUD and approval of plans by SLCSA for 502 Seis Lagos and 300 Barranca were denied as a result of the dispute over the culvert at 104 Trinidad. Plaintiff also contends that the fines assessed against it by SLUD for proceeding without a permit and its refusal to provide connections to properties until fines were paid violated its right to due process. "To be entitled to due process . . . [plaintiff] needed to present facts showing that he was deprived of a property interest."[19] "[W]hen a person has a legitimate claim of entitlement to a benefit, he has a protected property interest sufficient to entitle him to due process."[20]

Defendants first respond that Plaintiff's due process claim is moot and argue that there is no genuine dispute that LGD has received all the permits it needs from SLUD. Dkt. 77 at 22. Further, Defendants contend that LGD has not shown that it has any property interest at stake or any denial of due process. *Id*. Defendants also assert that SLUD assessed fines in accordance with its Rates and Rules. Ultimately, no action has been taken yet by SLUD to collect any fines or fees from LGD and all requested permits requested have been issued. Dkt. 77 at 22.

Plaintiff makes clear in its sur-reply brief that its argument is that SLUD had no discretion to deny a Contractor's Permit and Deposit Agreement (CPDA) for 300 Barranca or 502 Seis Lagos and therefore Plaintiff had a property interest at stake. However, Plaintiff also admits that before obtaining a CPDA, "[t]he requirements to commence construction included obtaining approval of plans from SLCSA." Dkt. 97 at ¶ 3.16. Plaintiff argues that "SLUD

---

[19] *Mahone v. Addicks Utility Dist. of Harris Cnty.*, 836 F.2d 921, 929 (5th Cir. 1988).
[20] *Id.* at 930.

stopped the application process at the outset, with no due process to LGD, when it instructed the SLCSA ACC to withhold approval of LGD plans." Dkt. 97 at ¶ 3.18. Plaintiff's argument disproves its due process claim. Because Plaintiff had not obtained approval from the ACC, it did not meet the requirements to obtain a CPDA from SLUD. Indeed, there was no denial of Plaintiff's CPDA by SLUD for either 300 Barranca or 502 Seis Lagos.[21] There was a denial of Plaintiff's application for approval of its plans by the *SLCSA*, not SLUD, and *Cortesano*, terminated the construction contract for 300 Barranca, not SLUD.[22]

With regard to the $12,000 in fines and fees assessed by SLUD, it is undisputed that at this point, all permits have been issued and nothing has been paid on the $12,000 fine by LGD or any property owners. Ramon admitted in his deposition that the $12,000 fine was not owed because no process had been afforded to LGD at the time he assessed it. Dkt. 83-1 at 132:6-22. Although it appears that SLUD does still intend to pursue enforcement of the fine, it intends to pursue it in accordance with its regulations through municipal court, affording LGD the process to which it is entitled. Dkt. 83-1 at 133:3-17. Therefore, for this Court's analysis, based on the evidence put forward, no due process claim based on the $12,000 fine exists.

Therefore, Defendants' motion for summary judgment on Plaintiff's federal due process claims is **GRANTED**.

### c. Violation of the Equal Protection Clause of the Fifth Amendment

Plaintiff asserts that its right to equal protection was violated by SLUD's refusal to approve plans (through its request to SLCSA), permit construction, or accept payments for construction to proceed at 502 Seis Lagos Trail and 300 Barranca because of the dispute

---

[21] Indeed, Plaintiff did obtain a conditional permit to commence work at 502 Seis Lagos.
[22] *See* Dkt. 83 ¶ 5.45 ("Additionally, by the May 20, 2013 meeting, Cortesano had already terminated LGD, rendering SLUD's meeting pointless for 300 Barranca.").

surrounding the culvert at 104 Trinidad. Plaintiff represents that it is the only builder that has been subjected to this requirement.

Class-of-one equal protection theory protects an individual from being "intentionally treated differently from others similarly situated" when there is "no rational basis for the difference in treatment."[23] Plaintiff contends that the class should be defined as either "approved builders submitting plans to SLCSA" or "other builders who sought to build at 300 Barranca while SLUD was not was not satisfied with the culvert at 104 Trinidad." Dkt. 83 ¶ 5.51. Defendant defines the class as other builders who "refused to comply with the SLUD Rates and Rules regarding culverts since Ramon has been President of SLUD." Dkt. 77 at 24.

"A class-of-one plaintiff must establish factual as well as regulatory similarity."[24] Here, no evidence has been submitted that shows any other builder violated SLUD regulations and SLUD undertook different enforcement actions. Plaintiff has not put forth any evidence to show that it was similarly situated to any other builder in SLUD and no equal protection claim exists based on these facts Therefore, Defendant's motion for summary judgment on Plaintiff's equal protection claim under the United States Constitution is **GRANTED**.

   d. **Violation of 42 U.S.C. § 1983**

Plaintiff contends that Ramon, Jones, SLUD, and SLCSA, acting together, "by acting under color of law, intentionally, willfully and with deliberate indifference, to deprive LGD of rights and privileges secured and protected by the laws of the United States." Dkt. 51 ¶ 4.22. Specifically, Plaintiff contends that the obstructive acts of Defendants that led to its loss of the construction contract for 300 Barranca violated 42 U.S.C. § 1983. "A claim under section 1983 requires: first, the conduct complained of must have been committed by a person acting under

---

[23] *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008).
[24] *Lindquist v. City of Pasadena*, 656 F. Supp. 2d 662, 688 (S.D. Tex. 2009) (internal quotation marks omitted).

color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States."[25] Here, with regard to the contract at 300 Barranca, it was Alex Cortesano that chose to terminate the contract. Plaintiff has put forth no evidence that any individual acting under color of state law deprived it of any rights, privileges, or immunities secured by the Constitution or laws of the United States. Indeed, even if Defendants hindered Plaintiff's ability to perform under the contract with Cortesano, Plaintiff has not established that is a federally protected right.[26]

Defendants' motion for summary judgment of Plaintiff's claims under 42 U.S.C. § 1983 is **GRANTED**.

## IV. CONCLUSION

Plaintiff's Motion to Strike (Dkt. 63) **DENIED WITHOUT PREJUDICE**; Defendants' Second Motion to Dismiss (Dkt. 64) is **DENIED WITHOUT PREJUDICE**; Plaintiffs' Motion for Partial Summary Judgment (Dkt.73) is **DENIED WITHOUT PREJUDICE**; Defendants Lisa Jones's and Seis Lagos Community Service Association, Inc.'s Motion for Summary Judgment (Dkt. 76) is **DENIED WITHOUT PREJUDICE**; Defendants Rolando Ramon's and Seis Lagos Utility District's Motion for Summary Judgment (Dkt. 77) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**; Defendants' Motion to Strike Plaintiff's Evidence in Support of Response to Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. 93) is **DENIED WITHOUT PREJUDICE**. Plaintiff's federal claims under the United States Constitution and 42 U.S.C. § 1983 are **DISMISSED WITH PREJIDUCE**. Because the Court has granted summary judgment in favor of Defendants on

---

[25] *Jackson v. Louisiana*, 980 F.2d 1009, 1010-11 (5th Cir. 1993) (internal quotation marks omitted).
[26] *See Vineyard Investments, L.L.C. v. City of Madison*, 440 F. App'x 310, 315 (5th Cir. 2011) ("Vineyard has demonstrated no federally protected right to be free from tortious interference with business opportunity.").

Plaintiff's claims under federal law, this case is **REMANDED** to the 416th District Court of Collin County, Texas,[27] and Defendant Rolando Ramon's Motion for Court to Rule on Qualified Immunity (Dkt. 130) is **DENIED AS MOOT**.

    SO ORDERED.

    **SIGNED this 11th day of May, 2015.**

*[signature: Don D. Bush]*

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[27] 28 U.S.C. § 1367(c); *see Enoch v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) ("'Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.'").